**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TLS MANAGEMENT AND MARKETING SERVICES, LLC | CIVIL NO. 15-2121 (FAB) |
| Plaintiff | PRELIMINARY AND PERMANENT INJUNCTION; STORED COMMUNICATIONS ACT; WIRETAP ACT; COMMERCIAL SECRETS ACT; |
| v. | |
| RICKY RODRIGUEZ TOLEDO; LORRAINE RAMOS, et als. | BREACH OF CONTRACT; CONVERSION; AND TORTIOUS INTERFERENCE |
| Defendants | |

**RESPONSE TO FIRST SET OF INTERROGATORIES**

From:  Ricky Rodríguez-Toledo

To:     TLS Management and Marketing Services, LLC

1. Identify the persons answering these interrogatories, and state for each: (i) his or her office or home address and (ii) office or home telephone number.

**Ricky Rodríguez.  I may be contacted through my counsel.**

2. Identify all persons who have any knowledge related to the allegations of the Amended Verified Complaint and specify the subject matter(s) for which each person has knowledge, regardless of whether they will be called to testify at trial; and also state for each person:

   a. The person's full name and address;

   b. The person's relation to Rodriguez;

   c. Whether the person will be called to testify during trial; and

   d. A summary of the person's knowledge related to the allegations of the Amended Verified Complaint.

**This information was already provided by my counsel in the Initial Disclosures.  Whether the persons identified in such Initial Disclosures will be used as witnesses is a decision that my counsel will take when appropriate.**

3. Identify all persons who will be called to testify at trial and provide a summary of what each person will testify.

**This information will be provided by my counsel once she makes a decision.**

4. Identify all expert witnesses who have been or will be consulted in relation to the facts alleged in the Amended Verified Complaint regardless of whether they will be called to testify at trial, and provide a detailed summary of each expert's opinion for this case.

**At this stage, no expert witness has been consulted nor have any plans been made to consult one in the future.**

5. Identify all persons from whom Rodriguez obtained information used for answering these interrogatories, stating for each person the interrogatory for which the information from that person was used.

**Only me.**

6. Identify and describe all testimonial, documentary, demonstrative, and other evidence that Rodriguez will use at trial.

**This information will be provided by my counsel once she makes a decision.**

7. Identify and specify any ownership interest, employment relationship, contractual relationship, or any other relationship that Rodriguez has or ever had with the following entities:

    a. ASG Accounting Solutions Group ("ASG")- **I am 100% shareholder**

    b. Global Outsourcing Services, LLC ("GOS")- **I am currently 100% member and employee**

    c. Global Tax Strategy ("GTS")- **This is not a legal entity; it is a trade name owed by GOS**

    d. Sandpiper, LLC- **I was 95% member, but the entity was dissolved**

    e. DRRLC & Associates, LLC- **I am 95% member**

    f. Trinity PR, LLC- **I am 95% member**

8. State whether Rodriguez has used TLS's Dropbox service at any point from January, 2014 to the present day to grant or deny access to any devices or individuals, including but not limited to the other named defendants in this case as well as any of the persons listed in Interrogatory No. 14 below. If so, indicate said devices, their present location, and their owners.

Also, identify the names of said individuals, their relationship with TLS and with Rodríguez, the dates in which these persons were given access, and what documents and information they were

given access to. Additionally, identify and state the location of any devices used by Rodriguez to grant or deny access to said individuals.

**From January 2014 up to the day of my resignation on January 16, 2015 I granted access and/or shared specific folders or documents in TLS' Dropbox service with many individuals, in accordance with my role at TLS and with the direct authorization granted to me by Mr. David A. Runge - TLS Principal.  I cannot recollect specific names nor specific dates in which access was granted, but I know I shared TLS' documents with TLS' employees, clients, vendors, etc., as required by my employment duties.**

**In regard to Ramos, I remember I gave her access to some personal files and an ASG folder which I created within the TLS Dropbox account, as authorized by Mr. Runge. As far as I remember, I did not give her access to any TLS' folders nor shared with her any links related to TLS' documents/files.**
**In regard to Santo Domingo, I did not give him access to TLS' Dropbox account.  I only shared with him some links pertaining to my ASG folder and to certain limited TLS' files/folders related to his services at TLS.**
**In regard to Cardona, I never gave her any access to anything nor did I ever share any TLS documents/files with her.**
**In regard to ASG, I and Ms. Ramos accessed an ASG folder which I created within TLS' Dropbox account, as authorized by Mr. Runge. Other than that, ASG did not have any further access to TLS' Dropbox account.**
**In regard to GOS, I never gave it any access to any folder/file at TLS' Dropbox account nor did I share any links with GOS related to TLS' documents/files.**
**In regard to the remaining co-defendants, I may have sent them links related to the services I provided to them, as TLS' employee.  After my resignation, I never gave them any access to any folder/file at TLS' Dropbox account nor did I share any links to TLS' documents with them.**

**During the time of my employment at TLS, I used Dropbox on my personal IPhone and on my IPad in the same manner as any other employee in TLS and as encouraged by Mr. Runge.  At the end of 2014, I copied all my TLS's Dropbox folders and files to a Western Digital External hard drive in order to hand it to federal and state regulators. I also accessed TLS' Dropbox account in a laptop that I and Ms. Ramos used to access ASG's folder at TLS' Dropbox account. In October 2014, I disconnected TLS' Dropbox account from this laptop because I was able to install a second Dropbox account in the same computer. Finally, I had one USB provided by TLS which I returned to the company when I resigned.**

**I lost the IPhone that I used when I was an employee at TLS.  The IPad is in my possession.  In regard to the USB's alleged in the Amended Verified Complaint, I have one at home, but I do not know if it is the same as alleged in the Amended Verified Complaint.  In regards to the laptop used by ASG, it was discarded when it stopped working.  I was able to back up the e-mails.  As to the data in the laptop, because all of it was kept on ASG's Dropbox, none of it was lost.  A copy of all of TLS' information was originally stored in a Western Digital external drive but was later transferred to a USB flash drive, which is under the control of my attorney. I still have the Western Digital external drive. I currently keep no copy of any TLS information as an employee.  I keep a copy of the files created during my time as a subcontractor at ASG for peer review purposes of the CPA profession.**

**After January 16, 2015, I did not grant nor deny access to any TLS' Dropbox files/documents to any person and unlinked all my devices (the Ipad and Iphone) from TLS' Dropbox.  I provided the administrative password to Mrs. Aileen Cuebas, head of human resources in TLS, and asked Mr. César Lebrón, head of information technology, to disconnect me from TLS' systems.**

9. Specify the extent to which Rodríguez used TLS' Dropbox service during and after his employment and contractual relationships with TLS in the period from January, 2014 to the present day, and identify every document he accessed through TLS' Dropbox service, providing dates of access for each document.

**There was no TLS policy on the use of Dropbox.  During my time as an employee in TLS up to January 16, 2015, I used the TLS Drobox service to provide services to TLS' clients and provide support to TLS' third parties.  It was also used for purposes authorized by Mr. David A. Runge, including to add Ms. Ramos as a Dropbox user in TLS' account. During my employment at TLS, I copied folders/files to which I was granted access by TLS into a Western Digital external hard drive. After my resignation on January 16, 2015, I have had no access to TLS' Dropbox account.  But, since I had a copy of TLS' files/documents to which TLS had granted me access, I filed a complaint in the IRS.**

**I do not have access to any data that would allow me to identify the documents I accessed through TLS' Dropbox service, nor the dates of access for each document.  But, all documents I accessed from TLS' Dropbox account during my contractor/employment relationship with TLS was to perform my duties at TLS.  After my resignation, I also used said documents to file a complaint before the IRS.**

**See also answer to question 8.**

10. Identify all e-mail addresses associated with Rodriguez that were active during the period from January, 2014 to the present day.

**The e-mail addresses active from January 2014 up to the present are:**

1. **rrodriguez@tlsresources.net**
2. **ricky@asgcpas.com**
3. **rrodriguez@gos-usa.com**

11. State Rodriguez's employment history from January, 2014 to the present day. For each job, specify Rodriguez's position, salary, and benefits.

**My employment history is as follows:**

1. **ASG Accounting Solutions Group – from 2007 – Present – President.  Regarding the salary and benefits, the question is objected on the grounds of pertinence.**
2. **TLS Management and Marketing Services – from September 2012 – January 2015 Managing Director $200K, health plan, vacations.**

3. **Global Outsourcing Services, LLC – From September 2015 – Present – Managing Director. Regarding the salary and benefits, the question is objected on the grounds of pertinence.**

12. State whether Rodriguez, has had any contact with or has provided any services to current, former or prospective TLS clients ("TLS Clients"). If so, indicate the names of the TLS Clients, the dates in which any contact occurred or on which any services were provided, the nature of any contacts, and the nature and extent of any services that were provided.

**I have been in professional contact with the following current and former TLS' clients:**

1. **Brad Schumacher- He hired me as a CPA to assist in the valuation and acquisition of a business in Illinois and for tax consulting on "Marlin" leaving the TLS' strategy, as TLS had not assisted him on that.**
2. **Robert Renguso-  He hired me as a CPA for tax consulting on "Marlin" leaving the TLS' strategy, as TLS had not assisted him on that.**
3. **Jay Harris- He hired me as a CPA for tax consulting on "Harris Hospice" leaving the TLS' strategy, as TLS had not assisted him on that. After that, Mr. Harris has consulted me on U.S. tax matters.**

**I do not remember the specific dates on which I had contact with these persons.  But, the documents related to the services I provided to Mr. Schumacher, Mr. Renguso and Mr. Harris are already under TLS' control. I also provided copy of the engagement letters with them.**

**With regards any prospective client of TLS, that I am aware of, I only was in touch with Ora Goldman.   She was introduced to me by her attorney Frank DeVincent in order to discuss Act 20 for her business.  We never reached an agreement and I have never provided her any services.**

13. State whether Rodriguez, either personally or by or through anyone representing him in any manner, has had contact with any party currently or formerly involved in any way with any legal actions against TLS or any individual TLS member in the United States (collectively, "Rodriguez Contacts"). If so, identify (1) those Rodriguez Contacts, (2) the dates in which the communications took place, and (3) the subject of the communications. Specify whether the communications were in written, oral, electronic, or in any other form.

**This question is objected as it is not pertinent to the Amended Verified Complaint. Furthermore, I have nothing to do with the legal actions that various individuals/entities have commenced against TLS and Mr. Runge and I have shared no information whatsoever with any such individuals/entities.  As a matter of fact, I currently keep no copies of any of TLS' files, except the ones that I worked with, as a contractor through ASG.**

14. Identify any and all individuals, including but not limited to, Steven Epstein, Aaron Franson, Frank DeVincent, Scott Sandberg, Todd Mardis, Walt Dallas, Angela Dallas, Cliff Morgan, Todd Thomae, Jay Harris, Robert Renguso, Brad Schumacher, Ora Goldman, Doug Clancy, Elgin Allen, Larry Friedman, and David Pulling whom Rodriguez either personally or by or through anyone representing him in any manner, has communicated with since January 1, 2015 on subjects regarding

or relating to TLS, Dave Runge, Richard Colombik, Roberto Santos, or any other current or former TLS employee or member. Specify the dates and the subject of said communications. Specify whether the communications were in written, oral, electronic, or in any other form.

**Regarding TLS' current, former or prospective clients, see answer to question 12.  In regard to the remaining persons identified in the question, it is objected as it is not pertinent to the Amended Verified Complaint. See, answer to question 13.**

15. Identify any insurance company that may be jointly or severally liable for the damages requested in the Amended Verified Complaint.

**None**

## UNSWORN STATEMENT PURSUANT TO 28 USC §1746

I, Ricky Rodríguez Toledo, declare under penalty of perjury that the foregoing is true and correct.

In San Juan, Puerto Rico, this 26th day of July, 2016.

_____
RICKY RODRIGUEZ TOLEDO