| | |
|---|---|
| DISTRICT COURT, YUMA COUNTY, COLORADO<br>310 Ash Street, Suite L<br>Wray, Colorado 80758 | |
| **Plaintiffs:**<br>AARON DEAN FRANSON; FRANSON FARMS, INC.;<br>AARON FRANSON FARMING OPERATIONS, INC.; and<br>FRANSON FAMILY PARTNERSHIP<br><br>v.<br><br>**Defendants:**<br>TLS MANAGEMENT AND MARKETING SERVICES,<br>LLC; TAX LAW SOLUTIONS, LLC; and DAVID ALLEN<br>RUNGE | ▲COURT USE ONLY▲ |
| **Attorneys for Plaintiffs**<br>John O'Brien, #15183<br>Scott C. Sandberg, #33566<br>Snell & Wilmer L.L.P.<br>1200 Seventeenth Street, Suite 1900<br>Denver, Colorado 80202<br>(303) 634-2000 (telephone) / (303) 634-2020 (facsimile)<br>Email: jobrien@swlaw.com; ssandberg@swlaw.com | Case No.:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs Aaron Dean Franson; Franson Farms, Inc.; Aaron Franson Farming Operations Inc.; and Franson Family Partnership complain against Defendants TLS Management and Marketing Services, LLC; Tax Law Solutions, LLC; and David Allen Runge as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Aaron Dean Franson is an individual residing in Yuma, Colorado.

2.      Plaintiff Franson Farms, Inc., is a Colorado corporation with its principal place of business in Yuma, Colorado.

3.      Plaintiff Aaron Franson Farming Operations Inc., is a Colorado corporation with its principal place of business in Yuma, Colorado.

4.      Plaintiff Franson Family Partnership is a Colorado limited partnership with its principal place of business in Yuma, Colorado.

5. Defendant TLS Management and Marketing Services, LLC, is a Puerto Rico limited liability company that is registered to conduct, and does conduct, business in Colorado.

6. Defendant Tax Law Solutions, LLC, is a Colorado limited liability company.

7. TLS Management and Marketing Services, LLC, and Tax Law Solutions, LLC are related entities.

8. Defendant David Allen Runge is an individual conducting business in Boulder County, Colorado. David Allen Runge is a principal of TLS Management and Marketing Services, LLC, and Tax Law Solutions, LLC.

9. This Court has personal jurisdiction over Defendants because they reside in Colorado and/or conduct business in Colorado.

10. This Court is the proper venue for this action under C.R.C.P. 98(c).

## **GENERAL ALLEGATIONS**

11. Plaintiffs are in the business of farming and ranching.

12. Starting in late 2013, Defendants represented themselves to Plaintiffs as qualified tax professionals who could provide tax advice and services to Plaintiffs.

13. To induce Plaintiffs to entrust funds, pay fees, and enter contracts, Defendants made material misrepresentations of tax benefits that could be realized from tax strategies offered by Defendants.

14. To induce Plaintiffs to entrust funds, pay fees, and enter contracts, Defendants made material misrepresentations of fees associated with Defendants' services.

15. To induce Plaintiffs to entrust funds, pay fees, and enter contracts, Defendants made material misrepresentations of the nature and type of agreements Plaintiffs would enter.

16. To induce Plaintiffs to entrust funds, pay fees, and enter contracts, Defendants made material misrepresentations of the nature and terms of agreements with Defendants.

17. In reliance on Defendants' material misrepresentations, and without knowledge of the falsity of these misrepresentations, Plaintiffs entrusted not less than $400,000 (the "Entrusted Funds") with Defendants.

18. In reliance on Defendants' material misrepresentations, and without knowledge of the falsity of these misrepresentations, Plaintiffs entered farm product purchase transactions as directed by Defendants.

2

19.    Defendants knowingly concealed material information concerning the nature of their services and advice including, without limitation, deviations in Defendants' client intake practices, tax consequences of following Defendants' guidance, and the nature and terms of agreements with Defendants.

20.    Defendants gave Plaintiffs incorrect tax advice and guidance that did not result in the tax savings Defendants represented Plaintiffs would receive.

21.    Defendants failed or refused to provide Plaintiffs with necessary information relating to Defendants' services.

22.    On or about June 12, 2015, Defendants sent a letter to Plaintiffs demanding fees and payments which Defendants never previously represented would be charged and which Plaintiffs never agreed to pay.  Defendants based their demand on a document (the "Sham Contract") that Defendants had doctored or forged to appear to be a contract between Plaintiffs and Defendants.

23.    Plaintiffs were never previously presented with the Sham Contract and never signed the Sham Contract or agreed to its terms.

24.    The amounts demanded by Defendants in their June 12, 2015 letter are not owing by Plaintiffs and these amounts are fraudulently and unlawfully demanded by Defendants.

25.    Defendants have threatened to unlawfully take or apply the Entrusted Funds to satisfy Defendants' fraudulent and unlawful demands.

## FIRST CLAIM FOR RELIEF
### (Fraud)

26.    Plaintiffs incorporate each of the preceding allegations into this paragraph.

27.    Defendants made false representations of material fact to Plaintiffs, knowing these representations to be false.

28.    Plaintiffs were ignorant of the falsity of Defendants' representations.

29.    Defendants made their misrepresentations with the intent that Plaintiffs would rely and act upon the misrepresentations by entrusting funds with Defendants and entering agreements with Defendants.

30.    Plaintiffs did in fact rely and act upon Defendants' misrepresentations by entrusting funds with Defendants and entering agreements with Defendants.

31.    This reliance resulted in damage to the Plaintiffs.

32. Defendants knowingly concealed material existing facts from Plaintiffs that in equity and good conscience should have been disclosed.

33. Plaintiffs were ignorant of the facts concealed by Defendants.

34. Defendants concealed these material facts with intention that the concealment be acted upon by Plaintiffs.

35. Plaintiffs did in fact act upon the concealment, resulting in damages to Plaintiffs.

## SECOND CLAIM FOR RELIEF
### (Negligent Misrepresentation)

36. Plaintiffs incorporate each of the preceding allegations into this paragraph.

37. In the course of their business, profession, or employment Defendants made misrepresentations of a material fact to Plaintiffs, without reasonable care.

38. Defendants made these misrepresentations of material fact for the guidance of Plaintiffs in their business transactions.

39. Defendants made these misrepresentations with knowledge that their representations would be relied upon by Plaintiffs.

40. Plaintiffs justifiably relied on the misrepresentation to their detriment.

## THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

41. Plaintiffs incorporate each of the preceding allegations into this paragraph.

42. Defendants assumed a confidential relationship of trust with Plaintiffs that induced Plaintiffs to relax the care and vigilance one ordinarily would exercise in dealing with a stranger.

43. Plaintiffs justifiably placed trust and confidence in Defendants.

44. Defendants invited, accepted or appeared to accept, or acquiesced in Plaintiffs' trust and confidence.

45. Defendants assumed a duty to represent Plaintiffs' interest in matters related to tax advice and services, contracts relating to such advice and services, and funds entrusted with Defendants.

46. Defendants violated that duty, causing damage to Plaintiffs.

## **FOURTH CLAIM FOR RELIEF**
### **(Negligence)**

47.     Plaintiffs incorporate each of the preceding allegations into this paragraph.

48.     Defendants owed duties to exercise reasonable care in providing tax advice and services to Plaintiffs.  These duties are independent of any contractual duties.

49.     Defendants breached their duties to Plaintiffs.

50.     Defendants' breach of their duties to Plaintiffs proximately caused damages to Plaintiffs.

## **FIFTH CLAIM FOR RELIEF**
### **(Unjust Enrichment)**

51.     Plaintiffs incorporate each of the preceding allegations into this paragraph.

52.     Defendants have received a benefit at the expense of Plaintiffs under circumstances which make it unjust for Defendants to retain the benefit without paying for it.

## **SIXTH CLAIM FOR RELIEF**
### **(Declaratory Judgment)**

53.     Plaintiffs incorporate each of the preceding allegations into this paragraph.

54.     Pursuant to C.R.S. § 13-51-101 et seq. and C.R.C.P. 57, Plaintiffs are entitled to a declaration that:

      a.     Defendants are not entitled to enforce the Sham Contract, which is of no force or effect.

      b.     Defendants are not entitled to retain the Entrusted Funds and must return those funds to Plaintiffs.

## **PRAYER FOR RELIEF**

Plaintiff prays for:

A.     All damages caused by Defendants' unlawful conduct;

B.     A declaratory judgment declaring that:  (i) Defendants are not entitled to enforce the Sham Contract, which is of no force or effect; and (ii) Defendants are not entitled to retain the Entrusted Funds and must return those funds to Plaintiffs;

C.    All costs and attorneys' fees allowed by law;

D.    Pre-judgment and post-judgment interest as allowed by law; and

E.    Such further relief as the Court deems proper.

## **JURY DEMAND**

Pursuant to C.R.C.P. 38, Plaintiffs demand a trial by jury on all issues in this action so triable.

Dated:   July 16, 2015.

SNELL & WILMER L.L.P.

*s/ Scott C. Sandberg*
John O'Brien, #15183
Scott C. Sandberg, # 33566
1200 Seventeenth Street
Tabor Center, Suite 1900
Denver, CO  80202
**Attorneys for Plaintiffs**

Plaintiff's Address:
49627 County Road L
Yuma, CO 80759

22062844.1

**Your filing has been successfully submitted to the court. Your filing is not considered final until the court accepts it.**

**Filing Information:**

**Filing ID:** BA56965C23848
**Court Location:** Yuma County
**Case Number** 2015CV030022
**Case Caption:** Franson, Aaron et al v. TLS Management and Marketing Services LL et al
**Authorized Date:** 07/16/2015 12:22 PM
**Submitted By:** Pamela Thede

**Filing Party(ies):**

| Party | Type | Status | Attorney |
|---|---|---|---|
| Aaron Dean Franson | Plaintiff | Active | John Anthony Obrien (Snell and Wilmer LLP) Scott C Sandberg (Snell and Wilmer LLP) |
| Aaron Franson Farming Operations Inc | Plaintiff | Active | John Anthony Obrien (Snell and Wilmer LLP) Scott C Sandberg (Snell and Wilmer LLP) |
| Franson Family Partnership | Plaintiff | Active | John Anthony Obrien (Snell and Wilmer LLP) Scott C Sandberg (Snell and Wilmer LLP) |
| Franson Farms Inc | Plaintiff | Active | John Anthony Obrien (Snell and Wilmer LLP) Scott C Sandberg (Snell and Wilmer LLP) |

**Documents:**

| Document ID | Document | Title | Statutory Fee | Security |
|---|---|---|---|---|
| 88441523D82DC | Complaint w/Jury Demand | Complaint w/Jury Demand | $414.00 | Public |
| 63C4FB789373D | Civil Case Cover Sheet | Civil Case Cover Sheet | $0.00 | Public |
| 557901859E1B2 | Summons | Summons David Allen Runge | $0.00 | Public |
| 93ECF395593BB | Summons | Summons Tax Law Solutions LLC | $0.00 | Public |
| 29023A93CDE06 | Summons | Summons TLS Management and Marketing Services LLC | $0.00 | Public |

**Courtesy Copy(ies):**

| Party | Type | Attorney | Organization | Method |
|---|---|---|---|---|
| *No results were found.* | | | | |

**Submission Options:**

**Note To Clerk:** N/A
**Authorizer:** John Anthony OBrien, Scott C Sandberg
**Submit Options:** Submit to the court and serve selected parties.

**Billing Information:**

**Statutory Filing Fees:** $414.00
**Filing Fee:** $6.00
**Courtesy Copy Fees:** $0.00
**Total Fees:** $420.00
**Billing Reference:** 69277.00002