# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *TLS MANAGEMENT & MARKETING*
**(AVISO AL DEMANDADO):** *SERVICES, LLC, h/n/c TAX LAW*
*SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC,*
*SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS*
*DAVID RUNGE, CLIFFORD O. MORGAN, TODD MARDIS*

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** *DOES 1-5*

BLUEPRINT CONSTRUCTION SERVICES, LLC

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
2013 APR -2 A 8: 11

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

Contra Costa County, 725 Court Street, Martinez CA 94553

**CASE NUMBER:**
*(Número del Caso)* C-13-00619

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan Y. Kang, Esq., 11 Embarcadero West, Ste 133, Oakland, CA 94607; 510-834-3600

DATE: APR 2 - 2013
*(Fecha)*

Clerk, by CJ
*(Secretario)* _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant. *TLS Management and Marketing Services, LLC*
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

under: [✓] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 4/2/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Richard W. Meier (SBN 40961); Susan Y. Kang, Esq. (SBN 273979)<br>11 Embarcadero West, Suite 133<br>Oakland, CA 94607<br><br>TELEPHONE NO.: 510-834-3600      FAX NO.: 510-834-2648<br>ATTORNEY FOR *(Name):* Plaintiff: Blueprint Construction Services, LLC | **FOR COURT USE ONLY**<br><br>FILED<br><br>2013 APR -2  A 8: 11<br><br>C 13-00619 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: Blueprint Construction Services, LLC v. TLS, et al.

| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited   [ ] Limited<br>(Amount           (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C 13-00619<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* THREE
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 29, 2013

Susan Y. Kang
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Richard W. Meier, Esq. (SBN 40961)
Susan Y. Kang, Esq. (SBN 273979)
LAW OFFICE OF RICHARD W. MEIER
11 Embarcadero West, Ste 133
Oakland, CA 94607
Phone: (510) 834-3600
Facsimile: (510) 834-2648

Attorneys for Plaintiff:
BLUEPRINT CONSTRUCTION SERVICES, LLC

FILED
2013 APR -2 A 8: 13

SUPERIOR COURT OF STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA (UNLIMITED JURISDICTION)

| | |
|---|---|
| BLUEPRINT CONSTRUCTION SERVICES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS, and DOES 1 through 50, inclusive, <br><br> DEFENDANTS. | CASE NO.: **C-13-00619** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **BREACH OF CONTRACT** <br> 2. **UNFAIR BUSINESS PRACTICES** <br> 3. **FRAUD** <br><br> **JURY TRIAL DEMANDED** <br><br> PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT _____ |

COMES NOW Plaintiff BLUEPRINT CONSTRUCTION SERVICES, LLC, a California limited liability corporation, by and through their attorneys, LAW OFFICE OF RICHARD W. MEIER, and submits this Complaint for Damages against each of the DEFENDANTS named herein. BLUEPRINT CONSTRUCTION SERVICES, LLC in the above action shall hereafter be referred to as the "PLAINTIFF" or "PLAINTIFF BLUEPRINT."

1

COMPLAINT FOR DAMAGES

## PARTIES

1.    Plaintiff BLUEPRINT is informed and believes and thereon alleges that at all material times the following:

    a.    Defendant TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, was a business, form unknown, organized and exiting under and by virtue of the laws of the Commonwealth of Puerto Rico and authorized to do business in the Commonwealth of Puerto Rico.

    b.    Defendant TAX LAW SOLUTIONS, LLC, was a business, form unknown, organized and existing under and by the virtue of laws of the State of Illinois and authorized to do business in the State of Illinois;

    c.    Defendant ESTATE PLANNING 123, LLC, was a business, form unknown, organized and existing under and by virtue of the laws of the State of Mississippi and authorized to do business in the State of Mississippi;

    d.    Defendant SAGE FINANCIAL NJ, LLC, was a business, form unknown, organized and existing under and by virtue of the laws of the State of New Jersey and authorized to do business in the State of New Jersey;

    e.    Defendant RICHARD COLOMBIK, was an individual, residing in the State of Illinois;

    f.    Defendant THOMAS WALT DALLAS, was an individual, residing in the State of Mississippi;

    g.    Defendant DAVID RUNGE, was an individual, residing in the State of Illinois;

    h.    Defendant CLIFFORD D. MORGAN was an individual, residing in the State of Illinois;

    i.    Defendant TODD MARDIS was an individual, residing in the State of Illinois;

2

COMPLAINT FOR DAMAGES

(All DEFENDANTS will be referred to collectively as "DEFENDANTS.")

2. Plaintiff BLUEPRINT is informed and believes and thereon alleges that at all material times DEFENDANTS ESTATE PLANNING 123, LLC and SAGE FINANCIAL NJ, LLC, were all subsidiaries, affiliated with, and or partners of TLS MANAGEMENT AND MARKETING SERVICES LC, h/n/c TAX LAW SOLUTIONS, LLC, and TAX LAW SOLUTIONS, LLC.

4. Plaintiff BLUEPRINT is informed and believes and thereon alleges that at all material times DEFENDANTS RICHARD COLOMBIK, DAVID RUNGE, and CLIFFORD D. MORGAN were the principals and owners of TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC and TAX LAW SOLUTIONS, LLC.

5. Plaintiff BLUEPRINT is informed and believes and thereon alleges that at all material times Defendant THOMAS WALT DALLAS was the owner and principal of ESTATE PLANNING 123, LLC.

5. Plaintiff BLUEPRINT is informed and believes and thereon alleges that at all material times Defendant SAGE FINANCIAL NJ, LLC, formed an exclusive business partnership with TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN and TODD MARDIS, to provide tax services to customers, which included Plaintiff BLUEPRINT.

6. Plaintiff BLUEPRINT is informed and believes, and thereupon alleges, that at all times herein mentioned, each of the DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, and TODD MARDIS, were the agent, employee, servant, co-venturer, and/or employee of each of the other DEFENDANTS and was at all times herein mentioned acting within the scope of said agency, venture, and/or

3

COMPLAINT FOR DAMAGES

employment and with actual or ostensible authority and/or agency and that each of the DEFENDANTS ratified the actions and/or conduct of others.

6. The true names and capacities of the DEFENDANTS, DOES 1-50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said DEFENDANTS by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the DOE DEFENDANTS are, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

### VENUE AND JURISDICITON

7. Venue in this Court is proper for the following reasons: (1) the contract was entered into in Contra Costa County, (2) the contract was to be performed in Contra Costa County, (3) the breach of the contract occurred in Contra Costa County (4) the customer resided in Contra Costa at the time of entering into the contract and (5) the customer currently resides in Contra Costa County.

8. Subject matter in this action is properly head in this Court, as the action incorporates an amount in controversy that exceeds $25,000.

9. Personal jurisdiction in this action is properly head in this Court, as the action involves the attempted sale of services in the State of California to California consumers.

### FACTS COMMON TO ALL CAUSES OF ACTION

9. At all times relevant hereto, Plaintiff BLUEPRINT was a resident of San Ramon, California, in Contra Costa County.

10. At all times, Defendant TLS MANAGAGMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, was a resident of 270 Munos Rivera Ave., PH-1, in the Commonwealth of San Juan, Puerto Rico.

11. At all times, Defendant TAX LAW SOLUTIONS, LLC, was a resident of the State of Illinois, One Pierce Place, Suite 465E, Itasca, IL 60143.

COMPLAINT FOR DAMAGES

12. At all times, Defendant ESTATE PLANNING 123, was a resident of 130 Riverview Dr., Suite A, Flowood, MS 39232.

13. At all times, Defendant SAGE FINANCIAL NJ, LLC, was a resident of 500 Morris Ave., Suite 206, Springfield, NJ 07081.

14. At all times, Plaintiff is informed and believes DEFENDANTS RICHARD COLOMBIK, CLIFFORD D. MORGAN, DAVID RUNGE, , and TODD MARDIS, were residents in the State of Illinois, address unknown.

15. At all times, Plaintiff is informed and believes Defendant THOMAS WALT DALLAS was a resident of the State of Mississippi, address unknown.

16. On or around November 5, 2012, DEFENDANTS contacted Plaintiff Blueprint regarding tax reduction services. They represented themselves as agents of a company called, TAX LAW SOLUTIONS, LLC, headquartered in the State of Illinois and the State of Mississippi. Defendant's agent, CLIFFORD D. MORGAN informed Plaintiff's principals, David Gordon and Ron Read, that DEFENDANTS could "drastically" reduce their taxes by employing "ultra-aggressive" and "audit-proof" tax strategies. CLIFFORD D. MORGAN informed Plaintiff that a major part of their services were to recommend tax saving strategies as well as provide a binder with applicable case law in case in the event that the Internal Revenue Service ("I.R.S.") conducted an audit. CLIFFORD D. MORGAN and THOMAS WALT DALLAS stated that Plaintiff BLUEPRINT could expect to save $75,000 if they carried out Defendant's aggressive tax saving strategies. In return, Plaintiff was required to submit a total payment of $35,000.00, which represented one-half of their anticipated savings. He stated that final payment would not be due until Plaintiff was sold on DEFENDANTS' product. This would be done through an in-person presentation in which representatives of DEFEDANTS' visited Plaintiff's offices in San Ramon, California and demonstrate how the product worked. Before DEFENDANTS agreed to reserve their airline tickets to California, Plaintiffs were asked to sign a "Consulting Agreement" and submit a refundable retainer of $7,000.00. Plaintiff was told by CLIFFORD D. MORGAN and WALT DALLAS that the $7,000 refundable if

5

COMPLAINT FOR DAMAGES

Plaintiff's did not chose to purchase the product during the in-person presentation of December 21, 2012. Plaintiff was also told they had nothing to lose by allowing DEFENDANTS to present their product because they could back out at any time.

14.     After their initial conversation, DEFENDANTS and their agents CLIFFORD D. MORGAN and THOMAS WALT DALLAS, advised Plaintiff over the telephone that they could save up to $75,000 in taxes if they employed the following tactics: (1) set up off-shore captive insurance companies; (2) set up sham corporations under the names of their friends and/or non-relatives and pay these friends and/or non-relatives a fee for managing the sham corporation; (3) lying to the I.R.S. and stating that Plaintiff's principals held business-related meetings in their private homes; (4) lying to the I.R.S. and stating that Plaintiff's principals rented out space in their private homes so that others were conducting business-related meetings for an "egregious" sum of money; (5) setting up sham corporations to purchase an automobile only to lease it back to oneself, and (6) many more illegitimate and illegal practices. DEFENDANTS informed Plaintiff that if they wanted to save approximately $75,000 in taxes, they would have to pay DEFENDANTS $35,000, which represented one-half of their total tax savings. DEFENDANTS scheduled an in-person meeting with Plaintiff to pitch their product on December 21, 2012. DEFENDANTS stated that they were flying from the East Coast, where the company's headquarters' were located, to visit Plaintiff at their place of business. At all relevant times Plaintiff was informed and believed that they were conducting business with TAX LAW SOLUTIONS, LLC, out of Chicago Illinois and Flowood, Mississippi, since all of DEFENDANTS' mailings were sent from these two locations. Plaintiff would later learn that DEFENDANTS were not registered corporate entities in the States of Chicago, Mississippi, or California. They were never authorized to conduct business in the State of California. Even so, Plaintiff is informed and believes that DEFENDANTS till this day continue to conduct business in California with California customers.

15. On or around December 17, 2012, Plaintiffs and Defendant's representative, CLIFFORD D. MORGAN, spoke on the telephone. Plaintiff expressed their unwillingness to

6

COMPLAINT FOR DAMAGES

purchase their product since many of the tax-saving strategies did not apply to them and they did not want to commit fraud or perjury.   At or around this time, THOMAS WALT DALLAS asked Plaintiff if DEFENDANTS could ship their product, the binders containing case law to survive an audit, to their business in advance of the in-person meeting.  Their reasoning was that they wanted to lighten their loads so that they would not have to carry large boxes with them on the airplane.

15.    On or around December 18, 2012, Plaintiff received a telephone call from THOMAS WALT DALLAS inquiring into Plaintiff's hesitation to employ DEFENDANTS' suggested tactics to reduce their tax burden. THOMAS WALT DALLAS once again assured Plaintiff that DEFENDANTS knew what they were doing and that Plaintiff's would not be required to make any purchase unless they heard and were sold on Defendant's in-person presentation scheduled for December 21, 2012.  THOMAS WALT DALLAS assured Plaintiff that they had nothing to lose and could get their retainer of $7,000 returned to them at any time.

16.    On or around December 18, 2012, Plaintiff contacted independent counsel and asked them to review the legitimacy of Defendant's services and strategies.  Plaintiff's counsel advised Blueprint *not* to go through with the purchase because if they did, they would be committing fraud and perjury.

17.    On or around December 20, 2012, Plaintiff's principal, David Gordon, e-mailed CLIFFORD D. MORGAN and THOMAS WALT DALLAS and cancelled the in-person meeting of December 21, 2012.  He informed DEFENDANTS that Plaintiff were not purchasing their product and demanded the return of their refundable payment of $7,000.00.

18. On or around December 20, 2012, Defendant's representative TODD MARDIS left Plaintiff a message stating that DEFENDANTS would bring suit against Plaintiff if they did not submit $28,000, they amount they believed was still owed to them.  According to DEFENDANTS, Plaintiff had purchased their product, the binder with case law to survive an audit, when they received it by mail on or around December 18, 2012.   They denied that: (1) the retainer payment was refundable; (2) that payment was actually due upon approval of the in-

7

COMPLAINT FOR DAMAGES

person meeting or (3) that they actually send the binder with case to Plaintiff out of convenience to them while they were traveling.   It was at this point, Plaintiff realized they were being defrauded.

19.  On or around January 9, 2012, Plaintiff received an unexpected letter from RICHARD COLOMBIK on behalf of TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC's offices in San Juan, Puerto Rico.  RICHARD COLOMBIK, owner and principal of TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC's, demanded payment of $28,000 immediately or threatened to bring suit against Plaintiff BLUEPRINT.  Up until this time, Plaintiff did not have any knowledge that TAX LAW SOLUTIONS, LLC were not authorized to conduct business in Illinois, Mississippi, or California.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## GENERAL ALLEGATIONS
## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT -
### Against All DEFENDANTS

14.     On or about November 5, 2012, Plaintiff entered into a verbal CONTRACT as described in paragraph 16. On or about December 20, 2012, DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS, and DOES 1-50, breached said contract by failing to comply with the terms of the contract and return the refundable payment of $7,000.00 to Plaintiff after they expressed that they did not want to go through with the purchase and the in-person presentation of

8

December 21, 2012.

15.    Plaintiff has performed all obligations to DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS, and DOES 1-50, except those obligations which Plaintiff was prevented or excused from performing.

18.    Plaintiff has given TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS, and DOES 1-50, an opportunity to cure their breach however DEFENDANTS deny that they are in breach of any contract.

19.    Plaintiff has suffered damages legally caused by DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50's breach of the verbal agreement by failing to return the refundable retainer payment of $7,000.00.

## SECOND CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### Against All DEFENDANTS

20.    Plaintiff incorporates by reference the allegations contained in the above paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

9

COMPLAINT FOR DAMAGES

21. Plaintiff is informed and believes, and thereupon alleges, that DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLM, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50's actions were deceptive, unlawful, unfair and fraudulent, and as such were in violation of California Business and Professions Code section 17200 et seq.

21. They attempted to sell Plaintiff a product that was illegal and in violation of the tax laws of the United States of America. In order to receive any benefit from DEFENDANTS' product, Plaintiff was required to perjure themselves. In addition, DEFENDANTS lured Plaintiff into submitting a "refundable" retainer payment of $7,000 by telling them that it was in fact refundable if they decided not to purchase their product. However, it was DEFENDANTS' intent all along that they were going to keep Plaintiff's refundable payment regardless of whether Plaintiff chose to purchase their product at the in-person meeting of December 21, 2012. DEFENDANTS further deceived Plaintiff when they asked them to do DEFENDANTS a favor by accepting their package so they could travel "lighter" and thereafter accuse Plaintiff of purchasing the product by accepting it in the mail. And instead of returning Plaintiff's check for $7,000, they attempted to extort an additional $28,000 from then by threatening them with legal action.

22. DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50, made the representations with the intent to defraud and induce Plaintiff to act as described above. At the time Plaintiff acted, Plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations

23. DEFENDANTS' misrepresented that Plaintiff would have the right to pull out of the deal at any time before the in-person presentation of December 21, 2012 when in fact this was not the case, in order to induce Plaintiff to submit payment of $7,000.00. DEFENDANTS also

10

COMPLAINT FOR DAMAGES

encouraged Plaintiff BLUEPRINT to commit fraud to the I.R.S by purporting specific facts, as stated above, which were not applicable to their business. As such this is an unfair business, which is prohibited under California's Business and Professions Code.

24.     As a direct and proximate result of DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50's unlawful conduct, Plaintiff has suffered monetary damages of approximately $35,000, plus interest and other damages to be proven at the time of trial.

25.     Plaintiff is informed and believes, and thereupon alleges, that DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and DOES 1-50, and each of them, committed the acts herein alleged maliciously and oppressively in conscious disregard for Plaintiff's rights. Plaintiff is entitled to recover punitive damages in an amount according to proof.

26.     As a result of the conduct of DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS, and DOES 1-50 , and each of them, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys fees incurred in this litigation pursuant to C.C.P. § 1021.5 in an amount according to proof at trial and other relief as requested in Plaintiff's prayer for relief below.

## THIRD CAUSE OF ACTION

## FRAUD

### Against All DEFENDANTS

11

COMPLAINT FOR DAMAGES

27.    Plaintiff incorporates by reference the allegations contained in the above paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

28.    Plaintiff alleges that all DEFENDANTS made intentional and/or negligent misrepresentations of material fact as follows: DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50, attempted to sell DEFENDANTS a product that was illegal and in violation of the tax laws of the United States of America.  In addition, DEFENDANTS lured Plaintiff into submitting a "refundable" retainer payment of $7,000 by telling them that it was in fact refundable if they decided not to purchase their product.  However, it was DEFENDANTS' intent all along that they were going to keep Plaintiff's refundable payment regardless of whether Plaintiff chose to purchase their product at the in-person meeting of December 21, 2012. DEFENDANTS further deceived Plaintiff when they asked them to do DEFENDANTS a favor by accepting their package so they could travel "lighter" and thereafter accuse Plaintiff of purchasing the product by accepting it in the mail.  And instead of returning Plaintiff's check for $7,000, they attempted to extort an additional $28,000 from then by threatening them with legal action.

28.    DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50, made the representations with the intent to defraud and induce Plaintiff to act as described above.  At the time Plaintiff acted, Plaintiff did not know the representations were false and believed they were true.  Plaintiff acted in justifiable reliance upon the truth of the representations.

29.    DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS,

COMPLAINT FOR DAMAGES

DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50, concealed or suppressed material facts, as described in paragraphs 14 and 17, that DEFENDANTS were bound to disclose. Plaintiff is informed and believes, and thereupon alleges, that DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50, concealed material facts by telling Plaintiff other facts to mislead Plaintiff and prevent Plaintiff from discovering the concealed or suppressed facts.

30. As a direct and proximate result of TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50's unlawful conduct, Plaintiff has suffered monetary damages of approximately $35,000, plus interest and other damages to be proven at the time of trial.

31. Plaintiff is informed and believes, and thereupon alleges, that DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS, inclusive and DOES 1-50, and each of them, committed the acts herein alleged maliciously and oppressively in conscious disregard for Plaintiff's rights. Plaintiff is entitled to recover punitive damages in an amount according to proof.

32. As a result of the conduct of DEFENDANTS TLS MANAGEMENT AND MARKETING SERVICES, LLC, h/n/c TAX LAW SOLUTIONS, LLC, TAX LAW SOLUTIONS, LLC, ESTATE PLANNING 123, LLC, SAGE FINANCIAL NJ, LLC, RICHARD COLOMBIK, THOMAS WALT DALLAS, DAVID RUNGE, CLIFFORD D. MORGAN, TODD MARDIS and Does 1-50, and each of them, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys fees incurred in this

COMPLAINT FOR DAMAGES

litigation in an amount according to proof at trial and other relief as requested in Plaintiff's prayer for relief below.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS, and each of them, as follows:

a) damages of $35,000, plus interest;

b) attorney's fees according to proof; and

c) exemplary damages according to proof.

Plaintiff demands a trial by jury.


DATED:  March 29, 2013                    LAW OFFICE OF RICHARD W. MEIER



                                          _____
                                          Susan Y. Kang, Attorney for Plaintiff

COMPLAINT FOR DAMAGES

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br><br>\_ Susan Y. Kang, Esq. (SBN: 273979)<br>11 Embarcadero West, Suite 133<br>Oakland, CA 94607<br><br>TELEPHONE NO.: 510-834-3600    FAX NO. (Optional): 510-834-2648<br>E-MAIL ADDRESS (Optional): meierlaw@pacbell.net<br>ATTORNEY FOR (Name): Plaintiff: Blueprint Construction Services, LLC | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa<br>STREET ADDRESS: 725 Court Street<br>MAILING ADDRESS: 725 Court Street<br>CITY AND ZIP CODE: Martinez, CA 94553<br>BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER:  Blueprint Construction Services, LLC<br><br>DEFENDANT/RESPONDENT: TLS Management and Marketing Services, LLC |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>C-13-00619 |

TO (insert name of party being served): TLS Management and Marketing Services, LLC

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: April 2, 2013

Susan Y. Kang, Esq
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other (specify):
       Statement of Damages
       Notice of CMC Hearing

(To be completed by recipient):

Date this form is signed: _____

_____          ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

www.accesslaw.com

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>__ Susan Y. Kang, Esq. (SBN: 273979)<br>11 Embarcadero West, Suite 133<br>Oakland, CA 94607<br>    TELEPHONE NO.: 510-834-3600    FAX NO. *(Optional):* 510-834-2648<br>E-MAIL ADDRESS *(Optional):* meierlaw@pacbell.net<br>ATTORNEY FOR *(Name):* Plaintiff: Blueprint Construction Services, LLC | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
    STREET ADDRESS: 725 Court Street
    MAILING ADDRESS: 725 Court Street
    CITY AND ZIP CODE: Martinez, CA 94553
    BRANCH NAME:

PLAINTIFF/PETITIONER:  Blueprint Construction Services, LLC

DEFENDANT/RESPONDENT: TLS Management and Marketing Services, LLC

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>C-13-00619 |

TO *(insert name of party being served):* TLS Management and Marketing Services, LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 2, 2013

_____
    Susan Y. Kang, Esq
    (TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
    Statement of Damages
    Notice of CMC Hearing

*(To be completed by recipient):*

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

www.accesslaw.com

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Susan Y. Kang (SBN 273979)<br>Law Offices of Richard Meier<br>11 Embarcadero West, Suite 133<br>Oakland, CA 94607 | 510-834-3600 | |

ATTORNEY FOR *(name):* Plaintiff: Blueprint Construction Services, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa County
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

PLAINTIFF: Blueprint Construction Services, LLC

DEFENDANT: TLS Management and Marketing Services, LLC, et al

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>C-13-00619 |
|---|---|

To *(name of one defendant only):* TLS Management and Marketing Services, LLC
Plaintiff *(name of one plaintiff only):* Blueprint Construction Services, LLC
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**
   a. ☐ Pain, suffering, and inconvenience ......................................................... $ _____
   b. ☐ Emotional distress. ............................................................................. $ _____
   c. ☐ Loss of consortium ............................................................................. $ _____
   d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ............... $ _____
   e. ☐ Other *(specify)* .................................................................................. $ _____
   f. ☐ Other *(specify)* .................................................................................. $ _____
   g. ☐ Continued on Attachment 1.g.

2. **Special damages**
   a. ☐ Medical expenses *(to date)* ................................................................. $ _____
   b. ☐ Future medical expenses *(present value)* .............................................. $ _____
   c. ☐ Loss of earnings *(to date)* .................................................................. $ _____
   d. ☐ Loss of future earning capacity *(present value)* .................................... $ _____
   e. ☐ Property damage ................................................................................ $ _____
   f. ☐ Funeral expenses *(wrongful death actions only)* .................................... $ _____
   g. ☐ Future contributions *(present value) (wrongful death actions only)* ............ $ _____
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. ☑ Other *(specify)* Refundable retainer ................................................... $ 50,000
   j. ☐ Other *(specify)* ................................................................................ $ _____
   k. ☐ Continued on Attachment 2.k.

3. ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 500,000.00
   when pursuing a judgment in the suit filed against you.

Date: April 2, 2013

Susan Y. Kang, Esq.
_____ ► _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

www.accesslaw.com

CIV-050

| | |
|---|---|
| PLAINTIFF: Blueprint Construction Services, LLC | CASE NUMBER: |
| DEFENDANT: TLS Management and Marketing Services, LLC, et al | C-13-00619 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☑ Statement of Damages ☐ Other *(specify):*

   b. on *(name):* TLS Management and Marketing Services, LLC
   c. by serving ☑ defendant ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☑ by mailing
      (1) date: 4-2-2013
      (2) place: P.O. Box 363247, San Juan, Puerto Rico 00936

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☑ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☑ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:
   Meghan Zato
   The Law Office of Richard W. Meier
   11 Embarcadero West, Suite 133
   Oakland, CA 94607
   510-834-3600

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/2/2013

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

CIV-050 [Rev. January 1, 2007]

**PROOF OF SERVICE**
**(Statement of Damages)**

Page 2 of 2
Code of Civil Procedure §§ 425.11, 425.115

SUPERIOR COURT - MA...INEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA  94553


BLUEPRINT CONST VS. TLS MANAGEMENT

MSC13-00619

NOTICE OF ASSIGNMENT TO DEPARTMENT NINE FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 9, Judge J. Craddick
presiding, for all purposes; Department 9 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 9 on 06/05/13
   at 9:00 a.m.
   (a) If the case has been designated as complex, and no counter-
       designation has been filed, the Court will hold its first
       case management conference at that time.
   (b) If the case has been assigned to Department 9 on a
       preliminary basis the Court will hold a hearing to determine
       if the matter is, or is not, complex.  If the matter is
       determined to be complex, the Court will then proceed with
       the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant.  It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer such party may alternatively file a notice of general appearance. In such event the time for filing of an answer or demurrer shall be extended to twenty (20) days following the first conference unless the Court shall, at that time, set a different schedule.

E. Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

BY ORDER OF THE COURT

**PROOF OF SERVICE**

BLUEPRINT CONSTRUCTION SERVICES, LLC,                    **Case No.: C-13-00619**

       Plaintiff,

          v.

TLS MANAGEMENT AND MARKETING
SERVICES, LLC, et al

       Defendants.

_____/

      I, MEGHAN ZATO, declare that I am a citizen of the United States, am over the age of eighteen years, am employed in the city of Oakland, County of Alameda, and not a party to the within action. My business address is The Law Offices of Richard W. Meier, 11 Embarcadero West, Suite 133, Oakland, California 94607-4504. On this day I served the foregoing:

    **(1)**    **SUMMONS**
    **(2)**    **CIVIL CASE COVER SHEET**
    **(3)**    **COMPLAINT**
    **(4)**    **STATEMENT OF DAMAGES**
    **(5)**    **NOTICE OF CMC**
    **(6)**    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

On the Interested Parties By:

( X) **CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED** - I placed true copies thereof in envelopes, sealed, with First Class postage prepaid, and deposited for collection and mailing, following ordinary business practices.
    Each envelope (if applicable) was address as follows:

Ian Welham c/o Sage Financial NJ, LLC
500 Morris Avenue, Suite 205
Springfield, NJ 07081

Thomas Walt Dallas c/o Estate Planning 123, LLC
5 River Bend Place, Suite A
Flowood, MS 39232

TLS Management and Marketing Services, LLC
Metro Office Park, Lot #15, Suite 200
Guaynabo, Puerto Rico, 00968

TLS Management and Marketing Services, LLC
P.O. Box 363247
San Juan, Puerto Rico 00936

Richard Colombik
One Pierce Place, Suite 460E

Itasca, IL 60143

Thomas Walt Dallas
130 Riverview Drive
Flowood, MS 39232

David Runge
Tax Law Solutions, LLC
One Pierce Place, Suite 465E
Itasca, IL 60143

Todd Mardis
Tax Law Solutions, LLC
One Pierce Place, Suite 465EP
Itasca, IL 60143

Clifford D. Morgan
141 W. Jackson Blvd., Suite 1340 A
Chicago, IL 60604


   I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.  Executed on **April 2, 2013** in Oakland, California.

Meghan Zato