IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TLS MANAGEMENT AND MARKETING SERVICES LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **RICKY RODRIGUEZ-TOLEDO**, *et al.*, <br><br> Defendants. | Civil No. 15-2121 (BJM) |

### ORDER

TLS Management and Marketing Services, LLC ("TLS") moved for spoliation sanctions against Ricky Rodriguez ("Rodriguez"), Lorraine Ramos, Accounting Solutions Group, Inc., and Global Outsourcing Services, LLC (collectively, "defendants"), Docket Nos. 133, 152, and defendants opposed. Docket Nos. 138, 143. TLS contends that defendants spoliated information electronically stored in Rodriguez's laptop, iPhone, and external hard drive. Docket No. 133 at 2. And TLS underscores that the "majority" of the actions that led to spoliation of evidence occurred after this action was filed, and after TLS asked defendants, in writing, that they preserve electronically stored information ("ESI") because ESI was "important" to this litigation. Docket Nos. 133 at 2, 133-1 at 15–22.

"Spoliation of evidence is defined as the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Adorno* v. *Port Auth. of N.Y. & N.J.*, 258 F.R.D. 217, 227 (S.D.N.Y. 2009) (internal quotations omitted). "The party seeking sanctions" pursuant to Federal Rule of Civil Procedure 37 "bears the burden of establishing all elements of a claim for spoliation of evidence." *See id.* The "2015 revisions to" Rule 37 "provide courts further guidance on issuing sanctions for destroying or failing to preserve electronically stored information." *Helget* v. *City of Hays*, 844 F.3d 1216, 1226 (10th Cir. 2017). The 2015 revisions also amended Rule 37 "to reflect the common practice of producing copies

of documents or electronically stored information rather than simply permitting inspection." Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment.

Rule 37(e) permits the court to impose sanctions "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery . . . ." *See* Fed. R. Civ. P. 37(e). Rule 37(e)(1) provides that the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). "But where a party acts with the intent to deprive another from using the ESI in litigation, a court may 'presume that the lost information is unfavorable to the party,' issue an adverse-inference instruction, or 'dismiss the action or enter a default judgment.'" *Helget*, 844 F.3d at 1226 (quoting Fed. R. Civ. P. 37(e)(2)(A)–(C)). To show prejudice resulting from the spoliation, "a party must only 'come forward with plausible, concrete *suggestions* as to what [the destroyed] evidence *might have been*.'" *Micron Tech., Inc.* v. *Rambus Inc.*, 645 F.3d 1311, 1328 (Fed. Cir. 2011) (quoting *Schmid* v. *Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994) (emphases added)).

Here, TLS commenced this action in August 2015 and informed defendants the following month that they should preserve information electronically stored in cellphones, hard drives, and computers because such data was "important" to this litigation. Yet, Rodriguez readily admits that he discarded the laptop in November 2015 because it was "malfunctioning." Docket Nos. 133 at 3, 138 ¶ 8. And he similarly admits to deleting the contents of his external hard drive after transferring the data therein to a USB flash drive that he provided to the attorney representing him in this litigation. Docket No. 138 ¶ 10.

To show prejudice arising from the discarded laptop, TLS "plausibly suggests" that this device "might have" contained documents or information relevant to this action because Rodriguez admitted that he used the laptop to access the Dropbox account where TLS kept confidential information. *See Micron Tech.*, 645 F.3d at 1328. Rodriguez should not have discarded the laptop—because the "fact that a personal computer stops

functioning is by no means a death knell for the data it contains." See *Dorchester Fin. Holdings Corp.* v. *Banco BRJ S.A.*, 304 F.R.D. 178, 182–83 (S.D.N.Y. 2014) (it is "widely understood that computer specialists can often recover data from a failed computer, even when the hard drive has malfunctioned"); *Aliki Foods, LLC* v. *Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 173 (D. Conn. 2010) (court ordered forensic examination of hard drive "in an attempt to mitigate the damage caused by the hard drive's alleged failure," and further ordered the party responsible for spoliation to pay "the first $10,000 of the cost of the forensic examination as a sanction"); *Treppel* v. *Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008) (court permitted forensic examination of laptop to determine whether lost information subject to discovery was recoverable from that device).

And because—after TLS informed Rodriguez that the he should preserve any computers containing electronically stored information—Rodriguez discarded the laptop without making any attempt whatsoever to preserve all the potential ESI within, including potential metadata or files not copied or transferred elsewhere, I find that Rodriguez acted with the intent to deprive TLS from using ESI in litigation. See Fed. R. Civ. P. 37(e)(2); *Dorchester Fin. Holdings Corp*, 304 F.R.D. at 184 (where party "violated its duty to preserve the data on [a] computer by destroying the device after its alleged crash, without making any reasonable effort to retrieve the information it contained," court found that adverse-inference instruction was appropriate); see also *Beck* v. *Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 378 (D.D.C. 2013) (adverse-inference instruction warranted where computer crashed and party "failed to make any serious effort to recover the data").

To show prejudice arising from the deletion of the external hard drive's contents, TLS "plausibly suggests" that this device "might have" contained documents or information relevant to this action because Rodriguez admitted that he copied TLS's confidential Dropbox files onto the external hard drive. See *Micron Tech.*, 645 F.3d at 1328. Because Rodriguez completely deleted the information on the external hard drive—which may or may not have been coextensive with the information transferred onto the USB flash

drive provided to Rodriguez's attorney—I further find that Rodriguez acted with the intent to deprive TLS from using ESI in litigation. *See E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 506 (E.D. Va. 2011) ("when the electronically stored information was deleted, there was alteration of evidence"); *E*Trade Sec. LLC* v. *Deutsche Bank AG*, 230 F.R.D. 582, 590 (D. Minn. 2005) (court found bad faith where party "chose to retain certain documents prior to the destruction of the hard drives"). And because the external hard drive, unlike the laptop and the iPhone, still exists, TLS requests a forensic examination of that hard drive at defendants' expense. I find that this additional sanction, which may ameliorate the prejudice caused by the spoliation of ESI, is warranted. *See* Fed. R. Civ. P. 37(e)(1); *see also Wynmoor Cmty. Council, Inc.* v. *QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012) (court ordered a forensic examination to determine if electronic files that a party described as "unrecoverable" could in fact be retrieved).

To be sure, defendants suggest that sanctions are unwarranted, arguing that the information on Rodriguez's laptop and external hard drive was copied to a cloud-computing service and USB flash drive, respectively. Docket No. 138 ¶¶ 8, 9. "If it is shown that the spoliator acted in bad faith, the spoliator bears the 'heavy burden' to show a lack of prejudice to the opposing party because '[a] party who is guilty of . . . intentionally shredding documents . . . should not easily be able to excuse the misconduct by claiming that the vanished documents were of minimal import.'" *Micron Tech.*, 645 F.3d at 1328 (quoting *Anderson* v. *Cryovac, Inc.*, 862 F.2d 910, 925 (1st Cir. 1988)). Defendants have not met that heavy burden here, as they have not proffered clear and convincing evidence that all information that might have been electronically stored on the laptop and the external hard drive—including, say, metadata—is discoverable from the information transferred to the cloud-computing service and the USB flash drive. *See, e.g.*, *CBT Flint Partners, LLC* v. *Return Path, Inc.*, 737 F.3d 1320, 1329 (Fed. Cir. 2013) ("the mere act of copying a file may destroy certain types of metadata"). Thus, sanctions are warranted for spoliation of information electronically stored in Rodriguez's laptop.

The loss of the iPhone does not warrant the same treatment as the previous two devices. Rodriguez admits that he used an iPhone during his employment at TLS, but asserts that he lost that cellphone. Docket Nos. 133 at 6, 138 ¶ 9. TLS plausibly suggests that it has been prejudiced by the loss of this cellphone because Rodriguez admitted that he used the iPhone while employed at TLS to access TLS's Dropbox. Docket No. 133 at 6. But TLS has not proffered sufficient evidence to suggest that Rodriguez's iPhone was not inadvertently "lost," nor has TLS clarified the approximate time period when this loss occurred. Because the approximate time period when the phone was "lost" is unclear from the motions before the court, and because TLS bore the burden of clarifying this time period, I find insufficient evidence to conclude that Rodriguez had a duty preserve the ESI stored on his iPhone "in the anticipation or conduct of litigation" and that he failed to do so. *See* Fed. R. Civ. P. 37(e). Thus, sanctions are unwarranted, based on the current state of the evidentiary record, for ESI that might have been lost when Rodriguez "lost" his iPhone.

For the foregoing reasons, TLS's motion for spoliation sanctions is **GRANTED IN PART AND DENIED IN PART**. An adverse-inference instruction is warranted as to the ESI willfully discarded or deleted from Rodriguez's laptop and external hard drive. And defendants are ordered, at their expense, to permit a forensic examination of Rodriguez's external hard drive. TLS's further requests for spoliation sanctions, which include entry of default judgment against defendants and attorneys' fees, are denied.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 27th day of March 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge