# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**TLS MANAGEMENT AND MARKETING SERVICES LLC**,
    Plaintiff,

v.

**RICKY RODRÍGUEZ-TOLEDO**, *et al.*,
    Defendants.

Civil No. 15–2121 (BJM)

## OPINION AND ORDER

TLS Management and Marketing Services LLC ("TLS") filed a complaint against, among others, Ricky Rodríguez-Toledo ("Rodríguez"), Lorraine Ramos ("Ramos"), ASG Accounting Solutions Group, Inc. ("ASG"), and Global Outsourcing Services LLC ("GOS"), alleging violations of Titles I and II of the Electronic Communications Privacy Act ("ECPA") and various Puerto Rico statutes.[1] Docket No. 74. Claims arising under Title I of the Electronic Communications Privacy Act, the Industrial and Trade Secret Protection Act of Puerto Rico, P.R. Laws Ann. tit. 10 §§ 4131–4141, and other state-law claims, survived defendants' motion to dismiss. Docket No. 173.

Now defendants Rodríguez, Ramos, ASG, and GOS (collectively "ASG") bring a counterclaim against TLS for malicious prosecution, tortious conduct, and libel under Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141. Docket No. 206 ("Counterclaim"). TLS moved to dismiss the Counterclaim, Docket Nos. 241, 307, and ASG opposed. Docket No. 262. The case is before me on consent of the parties. Docket No. 93.

For the reasons set forth below, the motion to dismiss the Counterclaim is **granted**.

## MOTION TO DISMISS STANDARD

---

[1] The amended complaint alleges: violations of the Puerto Rico Commercial and Industrial Trade Secret Protection Act, P.R. Laws Ann. tit. 10 §§ 4131–4141; breach of contract, in violation of Articles 1044, 1054, 1077 and 1206 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 2994, 3018, 3052, 3371; conversion, in violation of Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141; and tortious interference with various contracts, in violation of Article 1802 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, § 5141.

To survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A court must "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations to survive dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). The court need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009). The complaint must allege enough factual content to nudge a claim across the line from conceivable to plausible. *Iqbal*, 556 U.S. at 680. The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

## DISCUSSION

TLS seeks dismissal of ASG's malicious prosecution claim on the basis that it has not alleged sufficient facts to state a plausible claim. The elements of a malicious prosecution claim under Puerto Rico law are: "(1) that a civil action was instituted or a criminal prosecution filed by defendant or at his request; (2) that the prosecution ended favorably to the plaintiff; (3) that it was instituted maliciously and without probable cause; and (4) that plaintiff sustained damages thereby." *Jiménez Alvarez v. Silen Maldonado*, 131 P.R. Offic. Trans. 91 (1992) (internal quotations omitted). In the Counterclaim, ASG alleged two malicious prosecutions by TLS: the current action before this court and an administrative complaint filed against Ricky Rodríguez before the College of Certified Public Accountants of Puerto Rico.

The first prosecution, this current civil action, cannot be a basis for a malicious prosecution claim because, due to the fact that the case is still in progress, it by definition has not ended in ASG's favor. *See Puerto Rican Am. Ins. Co. v. Burgos-Diaz*, No. 01-CV-1186, 2006 WL 3490943, at *2 (D.P.R. Nov. 29, 2006) (emphasizing that all four elements must be met for a successful malicious prosecution claim); *Boschette v. Buck*, 916 F. Supp. 91, 100 (D.P.R. 1996) ("A counterclaim asserting malicious prosecution is premature as a matter of law until the underlying suit on which it is based is fully and finally adjudicated in favor of the claimant.").

The second prosecution, the administrative complaint, was filed by Richard Colombik. *See* Counterclaim at 32 ("Richard Colombik maliciously filed an administrative complaint against Rodríguez in the CPA Society of Puerto Rico with the same allegations as in the instant case to maliciously preclude Rodríguez from practicing his profession."). However, Colombik is not a party to this case; the only plaintiff is TLS. *See* Docket No. 74. As a counterclaim can only be brought against a party to the case, ASG's only argument is that TLS is responsible for Colombik's actions because he is a "principal" of TLS. Counterclaim at 30; *see* Fed. R. Civ. P. 13.

"As a general rule, a person is only liable for his own acts or omissions and only by exception is a person liable for the acts or omissions of others. Only when clearly specified in the law can liability for the acts or omissions of others be enforced against a third party." *Burgos-Oquendo v. Caribbean Gulf Ref. Corp.*, 741 F. Supp. 330, 332 (D.P.R. 1990) (citing *Vélez v. Llavina,* 18 P.R.R. 634 (1912)). Article 1803 of the Puerto Rico Civil Code provides a complete list of the situations in which vicarious responsibility is applicable: "liability of the father or mother for the damage caused by minor children; of guardians for the damage caused by the persons under their authority who live with them; of employers for the damage caused by an employee acting in the course of his employment; of masters or directors of arts and trades for the damage caused by

their pupils or apprentices, and of the government of the Commonwealth of Puerto Rico under certain pre-established circumstances." *Id*. Therefore, TLS is only responsible for Colombik's actions if he was acting within the scope of his employment when he filed the administrative complaint. ASG did not allege that Colombik's filing of the complaint against Rodríguez was within the scope of his employment or even related to his work with TLS. *See* Counterclaim at 32 (acknowledging that TLS and Colombik are different actors). Consequently, as its only allegation is based on an administrative filing done by a third party, ASG failed to meet the first element—a civil action instituted by TLS—of a prima facie case of malicious prosecution.

Moreover, ASG also failed to make sufficient factual allegations to meet the third element of a malicious prosecution claim, that the civil action at issue was instituted with malice. *MVM Inc. v. Rodriguez*, 568 F. Supp. 2d 158, 179 (D.P.R. 2008) (the only Puerto Rico Supreme Court case "recognizing a claim for malicious prosecution based upon the prior filing of a civil claim[] was decided in 1954" based on a defendant filing three identical eviction cases against the plaintiff "with the sole purpose of harming the [plaintiff]"); *Microsoft Corp. v. Computer Warehouse*, 83 F. Supp. 2d 256, 260–61 (D.P.R. 2000) ("[A]rticle 1802 may adequately support an action for malicious prosecution based on a prior civil action in certain extreme circumstances, when the facts of the case reveal something more than mere negligence."). Here, ASG stated repeatedly that the administrative filing was "malicious," labeling it as "malicious," "harmful," and containing "the same allegations as in the instant case." *See* Counterclaim at 32 ("Colombik *maliciously* filed an administrative complaint . . . to *maliciously* preclude Rodríguez from practicing his profession." (emphasis added)); Docket No. 262 at 5 ("TLS filed two (2) administrative complaints against Rodríguez; they were *malicious* complaints." (emphasis added)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Besosa-Noceda v. Rivera-Torres*, No. 15-CV-1558, 2016 WL 4398515, at *2 (D.P.R. Aug. 15, 2016) (quoting *Iqbal*, 129 S. Ct. at 1949) ("[R]epeating that [t]he actions and acts of Defendants in their [supervisory] roles were grossly/extremely negligent and exhibited dereliction of duty does not make it a plausible claim." (internal quotations omitted)). Merely labeling the administrative complaint as malicious, which is a legal conclusion, is exactly the "formulaic recitation of the elements of a cause of action" that *Twombly* prohibits. 550 U.S. at 555. Thus, ASG did not allege sufficient facts to plausibly claim that the administrative filings were malicious.

TLS also seeks to dismiss ASG's claim for malicious prosecution on the basis that it is time-barred and that an administrative filing does not qualify as a "civil action" under Puerto Rico law. Docket No. 241. As I have already found that the malicious prosecution claim should be dismissed on other grounds, I will not address TLS's remaining arguments.

ASG's second claim is for tortious conduct under Article 1802. In the Counterclaim, ASG listed several actions that TLS undertook "negligently and with fault," thereby causing damages to ASG. *See* Counterclaim at 32. Namely, ASG alleged that TLC brought the instant case with malicious intent, filed "additional wrongful administrative complaints," and spread "disparaging rumors." Docket No. 262 at 5. However, this court and the Puerto Rico Supreme Court have been very clear that plaintiffs may not "disregard the requirements set by the Puerto Rico Supreme Court in cases for malicious prosecution merely because plaintiffs intend to disguise their counterclaim as something else. The Puerto Rico Supreme Court has been clear in that mere negligence is not enough to keep a case for malicious prosecution alive." *Puerto Rican Am. Ins. Co.*, No. 01-CV-1186, at *3. As such, ASG may not use Article 1802 to bring a negligence claim based on alleged malicious prosecution in this court and before the College of Certified Public Accountants of

Puerto Rico. Instead, ASG can only sustain a malicious prosecution claim by meeting the four-part test laid out in *Jiménez Alvarez*, 131 P.R. Offic. Trans. 91, which it has failed to do.

ASG's last claim under Article 1802 is based on allegedly damaging rumors spread by TLS. "Puerto Rico law creates a cause of action for libel in three separate sources: the Constitution of the Commonwealth of Puerto Rico, the Libel and Slander Act of 1902, and Article 1802 of the Civil Code." *Diaz Rodriguez v. Torres Martir*, 394 F. Supp. 2d 389, 392 (D.P.R. 2005). To maintain a cause of action for defamation, "whether it be libel (written) or slander (oral)," a plaintiff must prove: (1) that the alleged defamatory statements are false; (2) that the defamatory statements (written or spoken) were negligently made to another; and (3) that the plaintiff suffered damages." *Luis Santiago v. Santiago*, 731 F. Supp. 2d 202, 209 (D.P.R. 2010) (internal quotations omitted). For a libel claim under Article 1802, the plaintiff must also prove "a causal relationship between the defamatory statements and the damages suffered." *Id*.

I will infer that the libelous actions for which ASG seeks redress are the administrative complaints to the College of Certified Public Accountants of Puerto Rico, the allegations in the present action, and the "rumors" spread by Colombik "that TLS sued Rodríguez." Counterclaim at 32; *see* Docket No. 262 at 5 ("[T]he wrongful and false accusations by TLS against Rodríguez constitute libel."). Under the Libel and Slander Act of Puerto Rico, though, "[a] publication or communication shall not be held or deemed malicious when made in any legislative or judicial proceeding or in any other proceeding authorized by law." *Puerto Rican Am. Ins. Co.*, No. 01-CV-1186, at *3. Complaints qualify as a publication. *Id*. Thus, any statements made by TLS or Colombik in either the present case or in the administrative filings (setting aside for the moment whether TLS can even be held responsible for Colombik's statements) do not qualify as libel unless ASG can identify some statement made that did not have "a bearing on the issue in controversy."

*Id*. (quoting *Jiménez Alvarez*, 131 D.P.R. 91) ("[A]n administrative complaint is a proceeding authorized by law which is also privileged under the Libel and Slander Act of Puerto Rico." (internal quotations omitted)). ASG identified no specific statements made by TLS; it only alleged that TLS has made "wrongful and false accusations" against Rodríguez. Without more, ASG has not stated a cognizable claim based on either proceeding. Furthermore, the "rumors" spread by Colombik also do not qualify as libel because the only rumor ASG has identified, that TLS sued Rodríguez, is objectively true. A statement must be false to qualify as libel, so the rumors are also not enough to substantiate a libel claim. *See Luis Santiago*, 731 F. Supp. 2d at 209.

## CONCLUSION

For the foregoing reasons, TLS's motion to dismiss ASG's Counterclaim for failure to state a claim is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of February, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge