**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TLS Management and Marketing Services, LLC<br><br>Plaintiff<br><br>v.<br><br>Ricky Rodríguez-Toledo, *et al*.<br><br>Defendants | Civil No. 15-2121 (BJM) |

**Motion In Limine to Exclude Purported Whistleblower Evidence**

TLS Management and Marketing Services, LLC ("TLS") requests that the court exclude evidence of the purported Whistleblower claim against messieurs Runge and Colombik for the following reasons.

**Introduction**

Defendants' purported Whistleblower claim is unfounded and unreasonably threatens TLS's business reputation. The court should preclude Defendants from presenting any such evidence as irrelevant or because its probative value is outweighed by its prejudicial effect, because Defendants lack personal knowledge to testify on the matter, or because it is hearsay.

Specifically, TLS seeks an order precluding the defendants from presenting:

- The Whistleblower claim filed by Rodríguez before the IRS dated July 17, 2015;

- Any document related to the alleged Whistleblower claim including, but not limited to, alleged conversations between Rodríguez and the IRS; and

- Any testimony regarding the above.

**Discussion**

**I. The Purported Whistleblower claim is irrelevant.**

Defendants should be precluded from using the alleged Whistleblower claim as a pretext for their violation of the Puerto Rico Industrial and Commercial Secrets Act and their breach of contracts with TLS. In <u>Erhart v. BofI Holding, Inc.</u>, 2017 WL 588390, *4 (S.D.Cal. 2017), a purported whistleblower pled, as an affirmative defense, that his confidentiality breaches, violations under the Computer Fraud and Abuse Act and other causes of action constituted a "protected activity" under, among others, "laws and regulations administered by the Internal Revenue Service." After hearing oral argument, however, the court summarily dismissed this defense "because the identified authorities do not contain express whistleblower protections." <u>Id.</u> The same reasoning applies here. Rodríguez has filed his purported Whistleblower claim with the IRS, but his misappropriation, use and disclosure of TLS Confidential Information is not protected under the "laws and regulations administered by the Internal Revenue Service."

In fact, the Internal Revenue Code, Section 7623, does not contain an anti-retaliation provision and the regulations only discuss protecting the whistleblower's identity. <u>See</u>, Treas. Reg. sec. 301.7623-1(e) ("Under the informant's privilege, the IRS will use its best efforts to protect the identity of whistleblowers."). The Internal Revenue Manual also discusses protecting the whistleblower's identity, I.R.M. sec. 25.2.5.1.4(1) ("The identity of the whistleblower must not be disclosed to anyone, including other Service officials or employees except on a "need to know" basis in the performance of their official duties."), and does not contain the word retaliate or retaliation. Accordingly, any such purported justification or defense is irrelevant and any evidence to support it should thus be excluded.

Even if considered relevant, Defendants should be precluded from presenting evidence related to the purported Whistleblower claim because the unfair prejudice it garners outweighs any probative value. Gil de Rebollo v. Miami Heat Associations, Inc., 137 F.3d 56, 64 (1st Cir. 1998). The court should favor the exclusion, rather than an unfair admission, of overly prejudicial evidence with little to no probative value. Dente v. Riddell, 664 F.2d 1, 6 (1st Cir. 1990). Any evidence related to the purported Whistleblower claim will only serve to deviate from the real controversies and create an improper prejudice against TLS.

## II. Defendants may testify only as to what they have personal knowledge.

Defendants do not have personal knowledge of an alleged IRS investigation of TLS. Thus, they should be precluded from presenting any such evidence under Fed.R.Evid. 602. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Id. Personal knowledge can include "inferences and opinions, so long as they are grounded in personal observation and experience." United States v. Doe, 960 F.2d 221, 223 (1st Cir. 1992). None of which are present.

"Evidence is inadmissible under this rule [602] only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testified to." Hallquist v. Local 276, Plumbers & Pipefitters Union, AFL-CIO, 843 F.2d 18, 24 (1st Cir. 1988), US v. Flores-Rivera, 787 F.3d.1, 24 (1st Cir. 2015). Neither Rodríguez nor any of the other defendants have specific knowledge of any IRS investigation of TLS. "It is not enough for a witness to tell all she knows; she must know all she tells." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028 (9th Cir. 2001).

**III. Defendants' declarations are inadmissible hearsay.**

Alleged communications between Ricky Rodríguez and the IRS intended to prove that there is an active investigation against TLS constitute hearsay and are thus inadmissible. <u>New York v. Microsoft Corp., No.</u> CIV A. 98-1233 (CKK), 2002 WL 649951, at *4 (D.D.C. Apr. 12, 2002). Moreover, no testimony or document related to the Whistleblower claim is protected by any of the hearsay exceptions. Thus, any such evidence should be excluded.

Respectfully submitted in San Juan, Puerto Rico, on July 13, 2018.

We certify that today we filed this document using the CM/ECF system, which will automatically send a copy to all counsel of record.

> M | P | M   MARINI PIETRANTONI MUÑIZ LLC
> 255 Ponce de León Ave., Suite 500
> San Juan, PR 00917
> Office 787.705.2171
> Direct 787.705.2174
> Fax 787.936.7494
> Email mpietrantoni@mpmlawpr.com
> www.mpmlawpr.com
>
> *S/ Manuel A. Pietrantoni*
> Manuel A. Pietrantoni
> USDC-PR No. 219805
>
> *S/Valerie M. Blay Soler*
> Valerie M. Blay Soler
> USDC-PR No. 305511