**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TLS MANAGEMENT AND MARKETING SERVICES, LLC | CIVIL NO. 15-2121 (BJM) |
|    Plaintiff | PRELIMINARY AND PERMANENT INJUNCTION; STORED COMMUNICATIONS ACT; WIRETAP ACT; COMMERCIAL SECRETS ACT; BREACH OF CONTRACT; CONVERSION; AND TORTIOUS INTERFERENCE |
|       v. | |
| RICKY RODRIGUEZ TOLEDO; LORRAINE RAMOS, et als. | |
|    Defendants | |

## OPPOSITION TO MOTION IN LIMINE (DKT. 447)

**TO THE HONORABLE COURT:**

COME NOW Ricky Rodríguez, Accounting Solutions Group, Global Outsourcing Services, and Lorraine Ramos (collectively referred to as "Defendants"), through the undersigned attorney, and very respectfully allege and pray as follows:

1.      TLS filed a motion in limine requesting that Defendants' claim, documents and testimony related to the Whistleblower complaint filed by them at the IRS be excluded at trial. See, dkt. 447.

2.      TLS first argues that the Whistleblower claim is irrelevant to the instant case. But, this is incorrect. In responding to TLS' allegations that Defendants breached non-disclosure and confidentiality clauses when they disclosed TLS' "Confidential Information" and/or "Trade Secrets" to third parties, Defendants raised as an affirmative defense that they only disclosed TLS' so-called "Confidential Information" and/or "Trade Secrets" to the IRS by submitting to the agency a USB drive with copy of the documents that reflect the alleged illegal conduct. The

evidence that TLS attempts to exclude corroborates the truthfulness of their defense and the reason for their disclosure of TLS' information.  See, Exhibit 1.[1]

3.      Furthermore, to prove its breach of contract allegations, TLS announced in the pre-trial conference held on July 19 that it will utilize as evidence, the copy of the USB drive that Defendants submitted to the IRS.[2]   However, as the Court can see, the USB does not stand alone, but as an attachment to Exhibit 1 herein.  For that reason, under FRE 106, TLS would not be able to submit just the USB.  Also, if the USB drive submitted by Defendants to the IRS is to be used by TLS to prove an alleged breach of contract, Defendants' affirmative defense regarding their Whistleblower claim is also pertinent to show that their disclosure to the IRS was solely done to denounce illicit conduct. As a resulting corollary, if the Court does not allow any Whistleblower evidence and testimony, the USB drive that TLS intends to use at trial may not be allowed, either.

4.      In support to its exclusionary request, TLS cites Erhart v. Bofl Holding, Inc., 2017 WL 588390, as holding that only laws and regulations with express whistleblower protections may be opposed as an affirmative defense to a breach of contract claim.  But, TLS misleads the Court. Erhart specifically holds that a former employee's disclosure of employer's "confidential information" to the Securities Exchange Commission and the Office of the Comptroller of the Currency does not constitute a breach of contract (non-disclosure and confidentiality clauses) as a matter of public policy. ("Consequently, as to these actions, the public policy in favor of whistleblower protection clearly outweighs the interest in the enforcement of the agreement, and the agreement is unenforceable").  For that reason, any and all arguments (and evidence) by TLS

---

[1] When the Court authorized Defendants on July 13, 2018 (dkt. 444) to access the USB drive containing the documents they sent to the IRS, they were only able to get access this letter. For that reason, Defendants now include it to their evidentiary list for trial.

[2]  The Court should not even allow TLS to raise the argument that Defendants' disclosure of the documents in the USB to the IRS was a breach of contract because any such disclosure falls squarely within the precincts of protected activity.  As such, the only issue that should be left for trial is whether Defendants breached their employment agreements when they allegedly disclosed information to other third parties.

trying to raise a breach of contract by Defendants when they disclosed TLS' illegal activity to the IRS, should simply not be allowed.

5.      It is further noted that TLS cites no law or jurisprudence holding that the public interest in the denunciation of illegal activity is overridden by the binding effect of a private employment contract with restrictive clauses not to compete and not to disclose.  This is so because the existing caselaw holds quite the contrary: public policy against corruption and fraud is superior to the enforcement of a confidentiality agreement.  As such, the confidentiality and non-disclosure clauses in Defendants' employment agreements may not be interpreted as enjoining them from disclosure of illegal activity to the proper authorities.  Lachman v. Sperry-Sun Well Surveying Company, 457 F. 2d 850 (10th Cir. 1972) ("It is public policy in Oklahoma and everywhere to encourage the disclosure of criminal activity, and a ruling here in accordance with the argument advanced by appellants would serve to frustrate this policy."); Corbin on Contracts (2003) § 79.1, p. 1 (Corbin); Wong v. Tenneco, Inc., 702 P.2d 570 (1985) ("No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out ...").  Because Defendants' disclosure of TLS' "Confidential Information" to the IRS was to report tax evasion schemes by TLS and its principals, no breach of contract can occur.  This is so, even if Defendants had wiretapped (which they did not) any communications from TLS. Bartnicki v. Vopper, 532 U.S. 514 (2001).

6.      Also, documents that are "secret" because they reflect criminal activity do not fall within the definition of a "Trade Secret".  For that reason, Puerto Rico Rule 513 of Evidence specifically establishes that the owner of a trade secret may claim a trade secret privilege "unless it tends to cover fraud or cause injustice".[3]  Because TLS' alleged "Trade Secrets" are nothing but evidence of illicit conduct, Defendants' disclosure of said information cannot constitute a breach

---

[3] Under FRE 501, "State law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

of contract.   And, Defendants' position that TLS' "Confidential Information" and/or "Trade Secrets" are nothing but illegal activity can be shown, precisely, by allowing Defendants to utilize the Whistleblower claim and other documents filed by them before the IRS.

7.        TLS further argues that, even if the Court found that the Whistleblower complaint and documents were pertinent to the litigation, it would cause "unfair prejudice which outweighs any probative value".  This is incorrect.  The Whistleblower claim and evidence by Defendants will show that Defendants' interest in the alleged disclosure of TLS' "Confidential Information" and/or "Trade Secrets" was to denounce illegal activity.  As a result, the probative value of the Whistleblower claim outweighs any prejudice that TLS may suffer.  After all, TLS will only face the consequences of having the Court hear everything about its illicit activity.  If TLS wanted to avoid the exposure of its illicit conduct, it could have refrained from litigating the instant case.

8.        Finally, TLS argues that Defendants have no personal knowledge of the IRS investigation.  Why TLS argues this is unknown.  Defendants have so much personal knowledge of the criminal and civil investigation that is currently under way against TLS that Rodríguez had to sign a Confident Informant document with the IRS.  As a cooperator in the investigation, Rodríguez sits, personally, with the IRS, to go through the evidence and applicable laws which TLS has violated.  Rodríguez testified about this during his deposition.  See, dkt. 301-2 at p. 55-92.   During trial, he will testify that those meetings still take place.  This certainly qualifies as personal knowledge.   For this reason, TLS' attack on Rodríguez' "personal knowledge" cannot survive.

**WHEREFORE**, Defendants respectfully request the Court to deny TLS' motion in limine at dkt. 447.

**RESPECTFULLY SUBMITTED**, this 27th day of July, 2018.

**CERTIFICATE OF SERVICE**

This document has been electronically filed, with copies to all counsel of record.

<u>S/ LYDIA M. RAMOS CRUZ</u>
LYDIA M. RAMOS CRUZ
USDC/PR 214104
1509 López Landrón
American Airlines Bldg, PH
San Juan, Puerto Rico 00911
Tel: (787) 508-2525
E-mail:  lramos@rccrlegal.com