**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TLS Management and Marketing Services, LLC<br><br>Plaintiff<br><br>v.<br><br>Ricky Rodríguez-Toledo, *et al*.<br><br>Defendants | Civil No. 15-2121 (BJM) |

**<u>Reply to Opposition to Motion In Limine to Exclude Purported Whistleblower Evidence</u>**

TLS Management and Marketing Services, LLC ("TLS") replies to Defendants' "Opposition to Motion in Limine" (Docket 458) as follows.

1.      Defendants start their Opposition by misstating a crucial fact. They state that "they" (as in all of them) filed the whistleblower claim. That is false. Only Ricky Rodríguez filed the claim. That is crucial because, even if Defendants were correct that the whistleblower claim provides a shield from liability for TLS's claims–and it does not–still that would only protect Rodríguez, not Accounting Solutions Group, Global Outsourcing Services, or Lorraine Ramos.

2.      In any event, and more importantly, the whistleblower claim does not shield Rodríguez from liability for TLS's claims. The Internal Revenue Code does not provide such protection for whistleblower claims, nor does any IRS rule, regulation or ruling. The fact that Defendants raised as an affirmative defense that they "made a legitimate use of the documents stored in Rodríguez' Dropbox user account at TLS: to file a complaint against TLS under the Whistleblower Act of the Internal Revenue Service" (Defendants' Answer to the Amended Verified Complaint, Docket 206 at p. 27, ¶ 47) does not, by itself, make this purported evidence relevant. In fact, it is irrelevant because the alleged defense is meritless, as the court decided in

Erhart v. BofI Holding, Inc., 2017 WL 588390, *4 (S.D.Cal. 2017), which Defendants misread. There, a purported whistleblower pled, as an affirmative defense, that his confidentiality breaches, violations under the Computer Fraud and Abuse Act and other causes of action constituted a "protected activity" under, among other statues, "laws and regulations administered by the Internal Revenue Service." The court, contrary to Defendants' contention, summarily dismissed this defense "because the identified authorities do not contain express whistleblower protections." Id. Defendants attempt to misapply the case by arguing that the Erhart court actually decided that the whistleblower was protected from liability for his disclosure of his former employer's confidential information to the United States Department of the Treasury's Office of the Comptroller of the Currency—the employer's principal regulator. That is misleading. While the court did decide that certain defenses raised by the whistleblower under certain statues for disclosing the information to the government should not be summarily dismissed, such as the defenses alleging protection under the Bank Secrecy Act, it specifically dismissed the defense alleging whistleblower protection under "laws and regulations administered by the Internal Revenue Service" because no such protection exists. Id. And Defendants have proffered no other affirmative defense claiming whistleblower protection. See, Docket 206.

3.     Moreover, the letter Defendants attach to their Opposition, besides being an attempt to sneak evidence in through the backdoor,  further validates that their alleged whistleblower defense is a pretext and thus the purported evidence irrelevant, as Rodríguez sent the TLS documents to the IRS close to a year after he filed his whistleblower claim. And he filed the whistleblower claim a day after he received a cease and desist letter from TLS for his confidentiality violations. None of that is coincidence.

4.      In any event, Defendants' attempt to tie the admissibility of the letter with that of the content in the USB that contains all the TLS documents Rodríguez misappropriated and that TLS will introduce into evidence, is specious at best. The USB contains documentation that Rodríguez misappropriated more than a year before he sent that letter, and he is only now producing it. His argument that he did not have access to that letter is, respectfully, unbelievable. Moreover, he could have announced it in the pretrial report but failed to do so. Thus, he should be precluded from entering it into evidence.

5.      Defendants' argument that the whistleblower evidence should be permitted because "public policy against corruption and fraud is superior to the enforcement of a confidentiality agreement" is not an evidentiary argument, but rather seems to be an attempt to argue an affirmative defense that has never been pled and has certainly been waived at this late stage of the proceedings on the eve of trial. Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994). Moreover, the cases cited by Defendants are from other jurisdictions with different facts and legal issues, all inapplicable to this case and do not support their public policy contention, and Defendants have not cited any public policy from Puerto Rico that supports their contention. But even if they could, still they could not escape the unmistakable evidence that shows they used TLS documents for their own financial gain, and not to further any public policy, as they did with the TLS Operating Agreement and loan documents. See, Opinion and Order at Docket 383, p. 18 (the court held that "ASG, GOS, and Rodríguez both disclosed and utilized them to their benefit").

6.      Defendants further claim that TLS's documents "reflect criminal activity" and are evidence of "illicit conduct" and are thus not a "Trade Secret" under Rule 513 of the Puerto Rico Rules of Evidence which precludes claiming a trade secret privilege to hide fraud or cause

injustice. Two things are wrong with this argument. First, it is meritless because TLS is not claiming a "privilege," but rather damages and equitable relief under the Puerto Rico Commercial and Industrial Secrets Protection Act. Second, Defendants continue to treat false and unproven allegations as if they are factual foundations for their arguments, as Defendants did above with their accusations regarding TLS's purported "criminal" and "illicit conduct". Such statements by Defendants and their attorney, in addition to their statements accusing TLS of "fraud" and "corruption", further illustrate how they have continuously throughout this litigation disparaged TLS even in the face of a court order to cease such conduct. Docket 294 ("counsel for all parties in the case are admonished that they may be subject to monetary sanctions and/or referral for disciplinary proceedings in the event that pleadings they sign are found to contain irrelevant, unsubstantiated, harassing, and/or defamatory allegations"). Sanctions should thus be issued against Defendants and their attorney.

7.    Finally, Defendants insist that they have personal knowledge about the purported IRS investigation simply because they have allegedly met with the IRS and signed a "Confident Informant" document (which Defendants have never produced to TLS–another reason why any whistleblower evidence should be precluded). Defendants miss the point. Rodríguez in fact has no personal knowledge about the purported investigation because he is not carrying out the investigation nor does he work for the IRS in any capacity. Moreover, he is precluded from testifying about the alleged meetings with the IRS because he refused to answer questions about them during his deposition. (Exhibit 1). And without full disclosure of the facts, his testimony on this subject would entail trial by ambush. See, Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). Thus, it should be excluded. Id.

For the reasons above, TLS requests that the court exclude evidence of the purported whistleblower claim against messieurs Runge and Colombik and sanction Defendants and their attorney for their continued violation of the court's Order at Docket 294.

Respectfully submitted, in San Juan, Puerto Rico, on August 8, 2018.

We certify that on this same date we filed this document using the CM/ECF filing system, which will send a copy to all counsel of record.

M | P | M   MARINI PIETRANTONI MUÑIZ LLC
255 Ponce de León Ave., Suite 500
San Juan, PR 00917
Office 787.705.2171
Direct 787.705.2174
Fax 787.936.7494
Email mpietrantoni@mpmlawpr.com
www.mpmlawpr.com

*S/ Manuel A. Pietrantoni*
Manuel A. Pietrantoni
USDC-PR No. 219805

*S/Valerie M. Blay Soler*
Valerie M. Blay Soler
USDC-PR No. 305511